|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

COREY WAYNE STONE, §
§
    Movant, §
§
versus § CIVIL ACTION NO. 1:19-CV-119
§
UNITED STATES OF AMERICA, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Corey Wayne Stone, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion to vacate be denied.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Movant filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

### *Reference of this Matter to the Magistrate Judge*

Initially, movant objects to the magistrate judge's involvement in this matter without his consent. However, 28 U.S.C. § 636(b)(1)(B) permits the court to designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of applications for post-trial relief made by individuals convicted of criminal offenses. This objection is therefore without merit

*Unkept Promise*

Movant contends his plea of guilty was involuntary. He states his guilty plea was coerced by his counsel, based upon an unkept promise. Movant asserts counsel told him that if he cooperated, he would only be sentenced to 30 months of imprisonment.

As the magistrate judge stated in his report, movant indicated in open court there were no promises or assurances made to him that were not in the plea agreement. In addition, the plea agreement itself states that the plea was not the result of any promises other than those included in the agreement. The plea agreement makes no reference to a 30 month term of imprisonment. Moreover, movant failed to state when and where counsel made the alleged promise or identify a witness to the promise.[1] As a result, movant's objections regarding this ground for review are without merit.

*Statute of Limitations*

Movant filed both a motion to vacate, set aside or correct sentence and a supplemental motion to vacate. The supplemental motion to vacate consisted of additional grounds for review regarding ineffective assistance of counsel. The magistrate judge concluded that the first, third and fourth grounds for review asserted in the supplemental motion to vacate were barred by the applicable statute of limitations.

Movant objects to this conclusion. He states that the first, third and fourth grounds for review in the supplemental motion to vacate are no more than a more definite statement of claims

---

[1] When a defendant has made contrary statements in open court and in a plea agreement, he may seek collateral relief based on an allegedly unkept promise only by showing: (1) the exact terms of the promise; (2) exactly when, where and by whom the promise was made and (3) the identity of an eyewitness to the promise. *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018).

of ineffective assistance of counsel asserted in his original motion to vacate. As a result, he asserts the additional grounds for review should "relate back" to the date the original motion to vacate was filed.[2]

Claims raised in a supplemental motion to vacate do not relate back to when the original motion to vacate was filed if they assert new grounds for relief supported by facts that are different in both time and type from the grounds for review asserted in the original motion to vacate. *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

The first, third and fourth grounds for review in the supplemental motion to vacate assert counsel was ineffective for: (a) improperly allowing movant to be sentenced by video conference; (b) failing to attempt to suppress movant's involuntary statement and (c) improperly allowing movant to sign an illegal plea agreement. In his original motion to vacate, movant raised 10 claims of ineffective assistance. The facts which support these grounds for review are different in both time and type from the facts supporting the first, third and fourth grounds for review in the supplemental motion to vacate.[3] As a result, the magistrate correctly concluded these three grounds for review are barred by the applicable statute of limitations.

*Failure to Presume Ineffectiveness of Counsel*

Movant described several ways in which he believed his counsel was ineffective. The magistrate judge analyzed each of movant's allegations and concluded movant failed to

---

[2] Federal Rule of Civil Procedure 15(c)(1)(B) provides that a claim in an amended pleading "relates back to the date of the original pleading when . . . the amendment sets out a claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . . ."

[3] In contrast, as the magistrate judge stated, the second ground for review in the supplemental motion to vacate is essentially a restatement of one of the grounds for review asserted in the original motion to vacate.

demonstrate prejudice resulting from counsel's allegedly deficient performance. In his objections, movant again describes how his attorney acted improperly and the actions his attorney failed to take. However, as the magistrate judge stated, movant has failed to show how he was prejudiced by the allegedly improper acts of counsel and counsel's failure to take certain actions. A movant asserting claims of ineffective assistance of counsel must establish he suffered prejudice due to counsel's acts or omission. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1994). In his objections, movant makes no attempt to explain how he suffered prejudice. As a result, the magistrate judge's conclusions regarding movant's claims of ineffective assistance of counsel are correct.

## ORDER

Accordingly, movant's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. An appropriate final judgment will be entered.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See*

*Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by movant have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 25th day of February, 2022.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE